IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KARREEM JONES, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-174 (MTT) |
| Warden GLEN JOHNSON, | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Stephen Hyles. (Doc. 16).

The Respondent moved to dismiss the petition as untimely because the Petitioner's state habeas petition was not filed within one year of the date the Petitioner's direct appeal became final. (Doc. 7). The Petitioner filed a fact-intensive response arguing that his state habeas petition was timely filed and that, in any event, equitable tolling excused any possible late filing. (Doc. 15). The Respondent filed no reply to the Petitioner's response.

The Magistrate Judge recommends granting the Respondent's Motion to Dismiss and dismissing the Petitioner's petition for habeas relief because the petition was untimely. In reaching this conclusion, the Magistrate Judge found that: (1) the Petitioner's state habeas petition was not filed within the AEDPA one-year limitations period; (2) the Petitioner is not entitled to equitable tolling; and (3) even if the Petitioner was entitled to equitable tolling and his state habeas petition was therefore timely filed

within the AEDPA limitations period, the Petitioner's *federal* habeas petition was still untimely because the AEDPA limitations period is not tolled during the 10-day period in which a petitioner can move for reconsideration of the Georgia Supreme Court's denial of a certificate of probable cause.

The Petitioner filed a 51-page objection to the Recommendation. (Doc. 17). Again, the Respondent filed no response.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Petitioner's objection and has made a de novo determination of those portions of the Recommendation to which the Petitioner objects. For the reasons discussed below, the Recommendation is adopted only to the extent the Magistrate Judge found that the Petitioner's state habeas petition was not filed within the AEDPA one-year limitations period.

The parties agree that the Petitioner's conviction became final and the AEDPA limitations period began to run on June 30, 2008. (Doc. 17 at 4). Thus, without some tolling, the Petitioner had until June 30, 2009, to file his federal habeas petition.

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction … review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [AEDPA]." However, in order for the AEDPA one-year limitations period to be tolled while the state habeas petition is pending, the application for state habeas relief must be filed before the AEDPA limitations period has expired. *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition … that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no

period remaining to be tolled"). Consequently, for the Petitioner's state habeas action to have tolled the AEDPA limitations period, it must have been filed on or before June 30, 2009.

The Petitioner claims that his state application for habeas relief was filed on June 29, 2009, and therefore the AEDPA clock was tolled with one day remaining. Although the Petitioner's attorney filed a habeas petition on June 29, 2009, that filing did not comply with O.C.G.A. § 9-10-14, which requires inmates filing habeas petitions to use certain forms. The Petitioner argues that O.C.G.A. § 9-10-14 applies only to prisoners who are not represented by counsel. For the reasons set forth in the Recommendation, and without repeating those reasons here, the Court disagrees with the Petitioner, and instead adopts the findings and conclusion of the Magistrate Judge that the Petitioner's application for state habeas relief was not filed until July 24, 2009. Thus, unless the Petitioner is entitled to equitable tolling, his state habeas petition cannot toll the AEDPA limitations period.

"A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id*. Furthermore, "simple negligence" does not provide a basis for tolling a statutory time limit. *Holland*, 130 S. Ct. at 2564-65 (recognizing that

gross negligence or serious instances of attorney misconduct may warrant equitable tolling).

It is significant to note that the Respondent, in his scant filings, has yet to address the issue of equitable tolling. He has not briefed the issue and has placed no facts in the record. While at this stage the Court must take the Petitioner's allegations as true,[1] the Petitioner's burden to prove equitable tolling is heavy. If the Respondent had adduced any evidence placing the Petitioner's allegations in context, it is quite possible the record would warrant a conclusion that the Petitioner could not meet his burden. However, on the record before the Court, the Court does not agree that the Petitioner's equitable tolling argument can as a matter of law be rejected in its entirety.

In preparation for filing the state habeas petition, the Petitioner's attorney, Deirdre O'Connor, who maintains an office in Chula Vista, California, was told by attorneys more familiar with Georgia state habeas petitions that attorneys could submit habeas petitions on behalf of their clients without the client's signature and without using designated forms.[2] However, O'Connor was later told by the Hancock County Superior Court Clerk's Office that the inmate must sign the petition himself and that certain forms must be used. Thus, on June 16, 2009, O'Connor contacted Hancock State Prison requesting access to her client in order to finalize several documents needed for the filing of his state habeas petition. The documents consisted of Georgia Forms HC-1 and HC-2, both drafted by the Administrative Office of the Courts in accordance with O.C.G.A. § 9-10-14. HC-1 is the Petition for Habeas Corpus, which

---

[1] *Chavez v. Sec'y Fla. Dept. of Corr.*, 647 F.3d 1057, 1070 (11th Cir. 2011).

[2] It is the Court's understanding that some courts will accept state habeas petitions that are not drafted using the designated forms.

must be signed by the Petitioner.  HC-2, which is an application to proceed in forma pauperis, must also be signed by the Petitioner and must be accompanied by an inmate account certification from the prison where the inmate is incarcerated.

O'Connor was first able to speak with the Petitioner on June 25, 2009.  On that date, she also talked with Deputy Warden Jo Hunding.  After explaining the situation to Hunding, "Hunding assured me that she would make sure the petition (which I had already prepared) was signed and that the financial forms and required certification were completed that day or the next [and] she would fax the completed forms to me on June 26, 2009."  O'Connor then told the Petitioner to sign the documents provided by Hunding so that Hunding could send them by facsimile to her the next day.  O'Connor alleges that the Petitioner signed the documents that day, indicating that Hunding in fact provided the forms to the Petitioner.  However, O'Connor did not receive the forms on June 26, and she called Hunding and asked that they be faxed again.  Later that day Hunding faxed the signed HC-1 but did not send the HC-2 and the financial certification.  Although not clear, O'Connor suggests that the HC-2 was also signed by the Petitioner on June 25, but that Hunding failed to fax the HC-2 when she sent the HC-1.  O'Connor immediately followed up with several phone calls to Hunding, who eventually told O'Connor that there was "some unexplained confusion at the prison but agreed to have financial certification sent by U.S. Mail directly to the Hancock County Superior Court on Monday, June 29, 2009."  O'Connor confirmed that Hunding had the correct mailing address for the court.  Instead, the forms were sent to the Petitioner by "prison mail,"

and he did not receive them until July 1.[3]  Even then, Hunding did not provide the Petitioner with the mailing address but rather told the Petitioner in a post-it note affixed to the forms that he should get the address from the prison library.

The Petitioner's version of the facts raises several questions, questions that might have been answered had the Respondent bothered to address the issue of equitable tolling.  However, taking the Petitioner's allegations as true, his attorney arguably acted diligently when she asked Georgia lawyers whether O.C.G.A. § 9-10-14 applied to inmates represented by counsel.  She was also arguably diligent when she talked to the Hancock County Superior Court Clerk's Office to confirm the requirements for filing, only to learn that that office did require compliance with § 9-10-14.  She then spoke with her client at the earliest possible date, June 25th, and with a prison official who assured her that the forms would be in her hands by the following day.  The Petitioner argues that his attorney exercised reasonable diligence by making these arrangements and relying on the prison officials' assurances.  Hunding's breach of her assurances, the Petitioner further argues, constitutes extraordinary circumstances.[4]  Thus, the Petitioner contends, equitable tolling is appropriate.

---

[3] There is some irony here.  If the Petitioner signed the required forms on June 25, 2009, if he had not been represented by an attorney, and if he had he given the completed forms to prison officials for mailing to the superior court, he likely could have taken advantage of the "mailbox rule," which provides that an inmate's filings will be deemed filed the date the inmate gives the filings to prison officials for mailing.

[4] The Petitioner cites several Ninth Circuit decisions for the proposition that equitable tolling may be appropriate when a prison official's broken promise causes an inmate's habeas petition to be untimely.  See *Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003).  Of course, decisions of the Ninth Circuit are not binding on this Court, and the Court is unaware of any Eleventh Circuit decision reaching a similar conclusion.

The Court disagrees that the Petitioner has established that he is entitled to equitable tolling. However, given the Respondent's complete failure to address the issue of equitable tolling, neither can the Court conclude that the Respondent is entitled to dismissal of the petition at this early date. Whether or not the Petitioner is in fact entitled to equitable tolling can only be answered when the Respondent addresses that issue, presumably when it moves for summary judgment based on an appropriate record.

The Petitioner also argues that he is entitled to equitable tolling because of his trial lawyer's "obstructive and dilatory tactics and delays in [providing] evidence from the case." (Doc. 17 at 31). Though counsel's characterization of the Petitioner's trial lawyer's actions is debatable, it is relatively clear that the Petitioner's trial lawyer was, at minimum, uncooperative. (*See* Doc. 7-11). Nonetheless, the Court is not convinced that O'Connor's well-documented difficulties with the Petitioner's trial counsel rise to the level of an extraordinary circumstance that "stood in [the Petitioner's] way and *prevented timely filing.*" *Holland*, 130 S. Ct. at 2562 (internal quotations and citation omitted) (emphasis added). In fact, O'Connor admits in her amended petition that trial counsel's actions merely "delayed [her] preparation of the state habeas petition," reducing her "habeas preparation period from one year to less than four months." (Doc. 7 at 8). This Court agrees with the Magistrate Judge that, in this case, the reduction in preparation time is not an extraordinary circumstance which would entitle the Petitioner to equitable tolling. (Doc. 16 at 12).

Nor did the Respondent address the issue of whether the Petitioner's state habeas action remained pending until the expiration of the 10-day period for filing a

motion for reconsideration of the Georgia Supreme Court's denial of his application for a certificate of probable cause.  Addressing this issue on his own, the Magistrate Judge correctly noted that "the AEDPA clock resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief."  *San Martin*, 633 F.3d at 1266.[5]  In Georgia, a judgment becomes final when the Georgia Supreme Court's judgment "is made the judgment of the trial court."  *Horton v. Wilkes,* 250 Ga. 902, 904, 302 S.E. 2d 94 (1983).  Generally, this happens after a mandate issues and the remittitur is returned to the trial court.  Georgia Supreme Court Rule 60(2) provides that the remittitur issues "as soon as practicable after the expiration of 10 days after the entry of the judgment or upon the denial of a motion for reconsideration … unless otherwise ordered."  However, the Respondent never placed in the record any evidence of when the Georgia Supreme Court issued its mandate or, for that matter, any evidence, other than the date, regarding the denial of the certificate of probable cause.

The Court recognizes that it is not clear whether the Georgia Supreme Court issues a mandate when the court denies a certificate of probable cause.  For example, for discretionary appeals governed by O.C.G.A. § 5-6-35, a party seeking permission to appeal first files a petition and only files a notice of appeal, which deprives the trial court of jurisdiction, if permission to appeal is granted.  In that situation, there likely would be no mandate and remittitur when permission to appeal is denied because, in the absence of a notice of appeal, the case never left the trial court.

---

[5] *Martin* addressed the finality of Florida state habeas proceedings.  It must be remembered that under AEDPA, finality of state habeas proceedings is a matter of state law while finality of direct appeals of state convictions for the purpose of determining when the AEDPA clock starts is a matter of federal law.  *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

However, O.C.G.A. § 9-14-52(b) requires the inmate to file a notice of appeal, which typically deprives the trial court of jurisdiction, when he files his application for a certificate of probable cause. The trial court is then required to transmit the record to the Georgia Supreme Court. This procedure suggests that the rules governing mandate and remittitur would apply when an inmate attempts to appeal the denial of his habeas petition. If so, then the mandate would not issue until after the expiration of the 10-day period for moving for reconsideration. Although not addressing this issue, Justice Carley's dissent in *Williams v. Zant*, 274 Ga. 704, 558 S.E. 2d 3 (2001), seems to confirm that the notice of appeal and application for a certificate of probable cause deprive the trial court of jurisdiction and thus the rules providing for mandate and remitter apply to that proceeding.

Even if the rules governing mandate and remittitur do not apply, the Court questions whether the dicta in *Hall v. Humphrey,* 155 Fed. Appx. 441, 444 (11th Cir. 2005), is sound authority for the proposition that the AEDPA statute of limitations is not tolled during the 10-day period in which the Petitioner could have moved for reconsideration. As noted, the Georgia Supreme Court rules clearly contemplate that its judgment is not final until the 10-day period has expired without the filing of a motion for reconsideration. Moreover, if a petitioner did file a motion for reconsideration, it is clear that the Georgia Supreme Court's judgment would not yet be final. It is for this reason that courts addressing this issue in other contexts have held that a state habeas proceeding is not final until either the time for filing a motion for reconsideration has expired or the Georgia Supreme Court denies a petitioner's motion for reconsideration. *See, e.g., Bennett v. Ammons*, 2009 WL 650428 (M.D. Ga. 2009) (finding that the

AEDPA statute of limitations began to run again when petitioner's motion for reconsideration was denied). In any event, the record is not sufficient to accept the Magistrate Judge's recommendation in this regard.

Accordingly, for the reasons set forth above, the Recommendation is adopted only to the extent the Magistrate Judge found that the Petitioner's state habeas petition was not filed within the AEDPA one-year limitations period. Because the current record does not permit the Court to make a determination on the remaining two issues addressed in the Recommendation, and because those issues are determinative of whether the Petitioner's federal habeas petition was timely filed, the Respondent's Motion to Dismiss is **denied**.

**SO ORDERED,** this 30th day of March, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
