IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KARREEM JONES, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-174 (MTT) |
| Warden GLEN JOHNSON, | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 50). The Magistrate Judge recommends dismissing Petitioner Karreem Jones's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge makes this recommendation because the Petitioner did not file his habeas petition within AEDPA's one-year statute of limitations, nor did he establish entitlement to equitable tolling. In the Recommendation, the Magistrate Judge granted the Respondent's motion to amend his answer to reassert a statute of limitations defense.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

After his conviction for armed robbery became final on June 30, 2008, Jones petitioned for habeas relief in the Superior Court of Hancock County. Although the petition was delivered to the clerk for filing on June 29, 2009, one day before the AEDPA statute of limitations ran, it was stamped as filed on July 24, 2009. This was because Jones's attorney did not send an error-free HC-2 form and account certification signed by Jones to the Hancock County clerk's office, and thus the state petition was incomplete until the clerk received the correct forms on July 24, 2009. On November 3,

2010, the state court denied habeas relief, and on April 26, 2011, the Georgia Supreme Court denied Jones's application for a certificate of probable cause. Jones filed a petition for writ of habeas corpus in this Court on May 6, 2011.

On August 12, 2011, the Respondent moved to dismiss (Doc. 9), contending the statute of limitations ran on June 30, 2009, twenty-four days before the state petition for habeas corpus was accepted for filing. Jones failed to respond to the motion until the Magistrate Judge ordered his lawyer to file a response. Eventually, Jones argued that the petition was timely filed, but if untimely, he was entitled to equitable tolling. (Doc. 13). Then, the Respondent failed to reply and thus did not address the issue of equitable tolling.

On February 27, 2012, the Magistrate Judge recommended that the Respondent's motion to dismiss be granted. (Doc. 16). Specifically, the Magistrate Judge concluded that (1) Jones's state petition was untimely filed; (2) Jones was not entitled to equitable tolling; and (3) even if the state petition was timely filed on June 29, 2009 (leaving one day on the statute of limitations), his federal petition was not timely filed. Jones then objected to the Recommendation. (Doc. 17).

The Court adopted in part and denied in part the Recommendation. (Doc. 18). Specifically, this Court agreed that Jones's state petition was not filed until July 24, 2009, twenty-four days after the AEDPA statute of limitations had run. With regard to equitable tolling, this Court found that "because of the Respondent's complete failure to address the issue of equitable tolling," the Court could not "conclude that the Respondent is entitled to dismissal of the petition at this early date." (Doc. 18 at 7). Finally, the Court rejected the Magistrate Judge's conclusion that Jones's federal

petition had not been timely filed just because it was filed ten days after the denial of his application for a certificate of probable cause.

After the entry of this Court's Order on March 30, 2012, there was no activity in the case until February 19, 2013 when Jones requested a status conference.  (Doc. 20). On March 4, 2013, the Magistrate Judge ordered the Respondent to respond to the petition and file the record.  (Text only order March 4, 2013).  On April 3, 2013, the Respondent filed his "Amended Answer-Response" to the petition in which he withdrew "his assertion that this petition is untimely, as the Court has resolved that issue and deemed the petition timely."  (Doc. 23).  How the Respondent could have concluded from this Court's Order that the timeliness issue had been "resolved" remains unexplained.

In October 2013, the Magistrate Judge ordered the Parties to "carefully review" this Court's Order.  By December 2013, the Respondent realized that this Court's Order, far from resolving the timeliness issue, expressly remanded the case to the Magistrate Judge for the resolution of that issue.  Accordingly, on December 6, the Respondent moved to amend his answer, contending that the withdrawal of his statute of limitations defense "was done in error, as below-signed counsel, who took over this case, misread the District Court's order of March 2012 and thought that the question of timeliness had been fully and conclusively resolved."  (Doc. 35 at 1).  On December 27, 2013, Jones filed what he styled a "Preliminary Reply to Respondent's Second Amended Answer and Supplement Briefing Regarding His Previously Denied Motion to Dismissed [sic] and His Belated Opposition to Petitioner's Request for Equitable Tolling," in which he asserted that if the Magistrate Judge were to grant Respondent's motion to amend his

answer, "Petitioner will seek leave to file an amended petition to raise a gateway innocence claim under *Schlup v. Delo,* 513 U.S. 298 (1995) as a separate basis for equitable relief." (Doc. 41).

Without ruling on the motion to amend, the Magistrate Judge convened an evidentiary hearing on the issue of equitable tolling on June 6, 2014. On August 12, 2014, the Magistrate Judge entered his Order and Report and Recommendation in which he granted the Respondent's motion to amend and recommends that the Court dismiss the petition as untimely because the Petitioner had not established grounds for equitable tolling. (Doc. 50).

Jones filed an objection to both the Order and the Recommendation. (Doc. 55).

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered Jones's objections and has made a *de novo* determination of the portions of the Recommendation to which Jones objects. Specifically, Jones contends that the Magistrate Judge erred by allowing the Respondent to assert a timeliness defense after the Respondent had purportedly waived it. Jones further argues that he is entitled to equitable tolling because extraordinary circumstances prevented him from timely filing. Finally, Jones makes a general plea, invoking notions of justice to compel equitable tolling because the alleged constitutional errors and his actual innocence claim should persuade this Court to review the case on the merits.[1]

---

[1] Although Jones suggested he may seek leave to assert a "gateway innocence" claim (Doc. 40), he never did and never invoked the precedent that a showing of actual innocence may be an equitable exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Even if he had, it would not save his petition. "[A] petitioner does not meet the threshold requirement unless he persuades the court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329). Examples of "new evidence" include "exculpatory scientific evidence, trustworthy eyewitness accounts, or

### A.     Waiver of Statute of Limitations Defense

Jones mistakenly objected to the Magistrate Judge's Order granting the Respondent's motion to amend to reassert the statute of limitations defense. Because the Magistrate Judge issued an Order and not a Recommendation on this issue, Jones should have moved for reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A). The Court will construe Jones's objection on this ground as a motion for reconsideration.

The Court may reconsider a magistrate judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Jones has shown neither. The Magistrate Judge's Order adequately addresses the issue and the Court adds only this. This Court's March 30, 2012 Order found that the state petition was not filed before the AEDPA statute of limitations had run and remanded the case to the Magistrate Judge for further proceedings on the issue of equitable tolling. Even if the Respondent attempted to intelligently waive (as opposed to his counsel's mistake-based waiver) the statute of limitations defense, this Court's Order made clear that the petition was not timely filed and that the issue of equitable tolling had to be resolved. For that reason, and the reasons stated in the Magistrate Judge's Order, this Court concludes that the Magistrate Judge's Order allowing the Respondent to raise his timeliness defense was neither clearly erroneous nor contrary to law.

---

critical physical evidence, that was not presented at trial." *Schlup*, 513 U.S. at 324. Jones has not provided any "new evidence" in his federal petition of the type contemplated in *McQuiggin* and *Schlup*. Moreover, whatever new evidence Jones has, he had it before the AEDPA statute of limitations ran. As far as this Court knows, no court has yet held that the equitable exception of *McQuiggin* saves a petitioner who has new evidence and then misses a statute of limitations.

### B.     Equitable Tolling

At Jones's request, the Magistrate Judge convened an evidentiary hearing to allow Jones to develop fully the record in support of his contention that he is entitled to equitable tolling. In his Recommendation, the Magistrate Judge made detailed proposed findings of fact and conclusions of law. The Court has carefully reviewed those findings and conclusions and has made a *de novo* determination of the issue. The Court agrees with the Magistrate Judge that Jones failed to establish a basis for equitable tolling.

### C.     Section 2244(d)(2) Statutory Tolling

As noted in the Court's previous Order (Doc. 18), the Respondent did not initially raise any statutory tolling issues with regard to the timeliness of Jones's federal petition. Rather, he simply argued that the state habeas petition was filed after AEDPA's one-year statute had run, and, thus, there was no time left to toll. The Magistrate Judge, however, raised the issue *sua sponte* in his initial Report and Recommendation. (Doc. 16). This was appropriate. Assuming Jones properly filed his state petition on June 29, 2009 *or* assuming he was entitled to equitable tolling for the late filing of the petition on July 24, 2009, he still had to timely file his federal petition once the state petition "achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). If the state petition was filed on June 29, 2009, then Jones had one day left on his AEDPA statute of limitations. If, on the other hand, one assumes he was entitled to equitable tolling for the late filing of his petition, then it would be incumbent upon him to file his federal petition immediately after the state habeas

proceedings became final.[2] However, the Court disagreed with the conclusion reached the Magistrate Judge on this issue.

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction … review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under [AEDPA]." Whether a state habeas proceeding is "pending" for purposes of § 2244(d)(2) is determined by state law. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). In Georgia, a judgment becomes final when the appellate court's judgment "is made the judgment of the trial court." *Horton v. Wilkes,* 250 Ga. 902, 904, 302 S.E.2d 94, 96 (1983). Generally, this happens when the remittitur is returned to the trial court. Georgia Supreme Court Rule 60(2) provides that the remittitur issues "as soon as practicable after the expiration of 10 days after the entry of the judgment or upon the denial of a motion for reconsideration … unless otherwise ordered." Notwithstanding this, the Magistrate Judge, relying on *Hall v. Humphrey*, 155 F. App'x 441 (11th Cir. 2005), found that, even if the state habeas petition was filed on June 29, 2009, the federal petition was still not timely filed because the AEDPA statute of limitations was not tolled during the ten-day period in which Jones could have moved for reconsideration. (Doc. 16 at 10).

As the Court noted in its Order rejecting this conclusion, it is doubtful that the dicta in *Hall* supports the conclusion reached by the Magistrate Judge. A state habeas

---

[2] Actually, the safer course likely would be to file a protective federal habeas petition during the pendency of the state action. *Hutchinson v. Florida*, 677 F.3d 1097, 1102 n.7 (11th Cir. 2012) (explaining that the district court would likely abuse its discretion for dismissing a protective petition as long as the petitioner could meet the three-part test in *Rhines v. Weber*, 544 U.S. 269, 278-79 (2005)); *see also Doe v. Jones*, 2014 U.S. App. LEXIS 15430 (10th Cir. August 12) (explaining that when a petitioner files a federal habeas petition during the pendency of his state court proceedings because of the short time remaining on the AEDPA statute of limitations and he can meet the *Rhines* three-part test, the total exhaustion rule's purposes are not compromised).

application "is pending as long as the *ordinary* state collateral process is 'in continuance'—i.e., 'until the completion' of that process. In other words, until the application has achieved final resolution though the State's post-conviction procedures, by definition it remains 'pending.'" *Carey*, 536 U.S. at 219-20 (quoting Webster's Third New International Dictionary 1669 (1993)). Again, federal courts look to state law to determine when a state post-conviction proceeding achieves final resolution, and Georgia law provides that the judgment is not final until the remittitur has been returned to the trial court.[3] Eleventh Circuit cases other than *Hall* have recognized this. *Day v. Chatman*, 130 F. App'x 349, 350 (11th Cir. 2005) (citing *Chambers v. State*, 262 Ga. 200, 201, 415 S.E.2d 643, 644-45 (1992)) ("In Georgia, an appeal is no longer pending 'where the appellate court has issued the remittitur and it has been received and filed in the clerk's office of the court below.'"). Because there was no evidence in the record revealing when the remittitur had been received by the trial court (or even issued by the Georgia Supreme Court, for that matter), this Court rejected the Magistrate Judge's conclusion to find that the federal petition was not timely filed even if it were assumed that the state petition had been filed on June 29.

When the case returned to the Magistrate Judge for further consideration, the Respondent, apparently now tipped off, argued "even if equitable tolling applies from June 30, 2009 through July 24, 2009, the federal petition is still untimely, as it was not filed until May 6, 2011." (Doc. 37 at 9). In support of this argument, Respondent represented the following:

---

[3] The principle that a case remains pending in the appellate court until the remittitur is returned to the trial court is no doubt based on the logic that the trial court does not have jurisdiction of the case until the remittitur is received. However, as illustrated in this case, the remittitur may not be received by the trial court until long after the appellate court has rendered its judgment. Thus, the wisdom of this principle in the context of determining AEDPA statutory tolling can be questioned. Nevertheless, this appears to be Georgia law.

> Respondent submits that as of April 26, 2011, Petitioner no longer had pending an application for state post-conviction review within the meaning of 28 U.S.C. § 2244(d). Here, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on April 26, 2011, **and issued the remittitur on the same day**. (Resp. Ex. 6).

*Id.* at 12 (emphasis added).

On its face, the Respondent's argument is a good one, and, if true, might easily dispose of the case. Jones did not file his federal petition until May 6, 2011, and if the state habeas proceeding became final on April 26, then his federal petition would be untimely, regardless of whether he was entitled to equitable tolling for the period between June 30 and July 24, 2009. However, for whatever reason, that issue was never raised again and was not addressed in the Magistrate Judge's second Report and Recommendation.

But, for two reasons, the issue caught the attention of this Court. First, again, it would, if true, enable the Court to resolve all issues with dispatch. Second, the Court was suspicious that the argument was anything but true. The cited factual basis for the argument, "Exhibit 6," was, on this Court's docket, the transcript of the state habeas proceeding, not evidence that the Georgia Supreme Court had issued its remittitur on April 26, 2011. Further, the Court knew that Georgia Supreme Court Rule 60(2) provided the remittitur would not be returned until the time for filing a motion for reconsideration had passed, and thus it seemed impossible that the remittitur could have been issued, much less returned, by April 26. Accordingly, the Court ordered the Respondent to file the Exhibit 6 allegedly proving that the Georgia Supreme Court issued the remittitur on April 26. The Respondent complied on August 21, 2014. (Doc. 52). However, the Exhibit 6 filed by the Respondent made the Court even more

suspicious. On its face, it establishes that the remittitur was not issued by the Georgia Supreme Court until May 24, 2011 and was not received by the trial court until May 31, 2011. In other words, the Respondent's new Exhibit 6 clearly shows Jones had until May 31, 2011 to file his federal petition.

Concerned that the Respondent had asserted a baseless argument, the Court then ordered the Respondent to file the factual basis for its assertion that the Georgia Supreme Court issued its remittitur on April 26, 2011. (Doc. 53). Recognizing his mistake, the Respondent immediately withdrew his assertion that the Georgia Supreme Court issued the remittitur on April 26, 2011. The Respondent stood by his argument, based on *Hall v. Humphrey*, 155 F. App'x 441, 444 (11th Cir. 2005), that "the ten day period for filing a notice of reconsideration is only relevant for determining when a conviction is final and is not relevant for tolling purposes." As discussed above, that argument is without merit, but the entire issue is moot; because Jones is not entitled to equitable tolling, the date he filed his federal petition is of no consequence. The Court nevertheless raised the issue for three reasons. First, again, if the Respondent's representations were true, the petition was clearly untimely. Second, the Respondent's representations were clearly not true, and third, Jones never challenged what should have been recognized as an obviously false representation.

### III.     CONCLUSION

After thorough review of the Magistrate Judge's Recommendation and the Petitioner's objection, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the **ORDER** of this Court. Further, the Court declines to reconsider the

Magistrate Judge's Order allowing the Respondent to amend his answer. Therefore, the Petitioner's application for writ of habeas corpus is **DISMISSED**.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner has not made these showings. Therefore, Petitioner is **DENIED** a COA. Additionally, because there are no non-frivolous issues to

raise on appeal, an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).  Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

    **SO ORDERED**, this 25th day of September, 2014.

                                        <u>S/ Marc T. Treadwell</u>  
                                        MARC T. TREADWELL, JUDGE  
                                        UNITED STATES DISTRICT COURT